**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DERRICK L. BOONE,<br><br>                   Plaintiff,<br>      v.<br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>                   Defendant. | HONORABLE JEROME B. SIMANDLE<br><br><br>       Civil Action<br>  No. 16-cv-07133 (JBS-AMD)<br><br>          **OPINION** |

APPEARANCES:

Derrick L. Boone, Plaintiff Pro Se
1123 Princess Ave.
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Derrick L. Boone seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

3.    For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

---

injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978).

7.    Because Plaintiff has not sufficiently alleged that a "person" deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8.    Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9.    Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement on "several dates range from 1993-2014 most recent 2013-2008-2009 2004 – times

4

vary." Complaint § III. He states: "I have sustained [numerous] problems from living conditions in jail[.] Pinch nerve from sleeping on floor slipped in shower, fell on water on tier causing back injuries my neck still bothers me from pinch nerve Back hurts did receive medical treatment for foot ailment needed to be on medical unit." *Id.* Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10.  Plaintiff states that he slept on the floor, presumably because no beds were available. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to

consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11.  Moreover, Plaintiff's allegations that he slipped and fell are insufficient to state a claim for relief under § 1983. At best, Plaintiff's cursory statements that he slipped and fell in the shower and on water on the tier amount to allegations of negligence, which is not enough to state a claim for a deprivation of a constitutional right. "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original) (finding no cause of action where inmate slipped and fell on a pillow negligently left on stairs by correctional deputy); *see also*, *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials"). Plaintiff's allegations that he slipped and fell therefore do not implicate constitutional rights and do not provide grounds for relief under § 1983. *See, e.g., Bacon v.*

*Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (allegations that

inmate slipped and fell on a wet floor amounted "merely to

negligence" and therefore were "not actionable under § 1983").

12.  As Plaintiff may be able to amend his complaint to

address the deficiencies noted by the Court, the Court shall

grant Plaintiff leave to amend the complaint within 30 days of

the date of this order.[3]

13.  Plaintiff should note that when an amended complaint

is filed, the original complaint no longer performs any function

---

[3] The complaint is unclear as to the dates of Plaintiff's
confinements in the CCCF. Plaintiff states he was confined
between 1993 and 2014 but states the "most recent" date was
2013. Complaint § III. To the extent the complaint seeks relief
for conditions Plaintiff encountered during confinements prior
to October 13, 2014, those claims are barred by the statute of
limitations and must be dismissed with prejudice. Civil rights
claims under § 1983 are governed by New Jersey's limitations
period for personal injury and must be brought within two years
of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276
(1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.
2010). "Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d
472, 480 (3d Cir. 2014). The allegedly unconstitutional
conditions of confinement at CCCF would have been immediately
apparent to Plaintiff at the time of his detention; therefore,
the statute of limitations for some of Plaintiff's claims
expired as early as 1995 and, at the latest, sometime in 2016.
In the event Plaintiff elects to file an amended complaint, he
should focus on facts encountered during confinements on or
subsequent to October 13, 2014, if any. Because Plaintiff filed
his complaint on October 13, 2016, claims arising from
confinements ending prior to October 13, 2014, are barred by the
statute of limitations and Plaintiff cannot recover for those
claims. Plaintiff therefore may not assert those claims in the
amended complaint.

7

in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[4] *Id.*

14.   For the reasons stated above, claims arising from Plaintiff's confinements ending prior to October 13, 2014, are dismissed with prejudice. The remainder of the complaint, insofar as it seeks relief for conditions of confinement Plaintiff encountered on or after October 3, 2014, is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15.   An appropriate order follows.

**March 30, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

---

[4] The amended complaint shall be subject to screening prior to service.